UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DOUGLAS RAY BURKEYBILE, | Case No. 3:12-cv-00558-MMD-WGC |
| Plaintiff, | ORDER |
| v. | (Plf.'s Motion for Reconsideration |
| WASHOE COUNTY, et al., | – dkt. no. 13) |
| Defendants. | |

I.     **SUMMARY**

Before the Court is Plaintiff Douglas Ray Burkeybile's Motion for Reconsideration. (Dkt. no. 13.) For the reasons set forth below, the Motion is denied.

II.    **BACKGROUND**

On October 18, 2012, Burkeybile filed a Complaint bringing two claims for relief: (1) violation of his constitutional right to due process in violation of 42 U.S.C. § 1983 against Washoe County, Michael V. Roth, Assistant Public Defender for Washoe County ("APD Roth"), and Zachary Young, Deputy District Attorney for Washoe County ("DDA Young"); and (2) legal malpractice for breach of the standard of care against Washoe County and APD Roth. (Dkt. no. 1.) On August 29, 2013, the Court granted Defendants' Motion to Dismiss ("Dismissal Order") (dkt. no. 12), dismissing Plaintiff's due process claim against all Defendants and declining to exercise supplemental jurisdiction over Plaintiff's legal malpractice claim. Plaintiff now seeks reconsideration of the Court's dismissal of its due process claim against Washoe County.

III.   **LEGAL STANDARD**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.

1 | Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an
2 | unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp.
3 | 879, 889 (E.D. Va. 1977).

4 | **IV.    DISCUSSION**

5 |         Plaintiff's sole challenge in his Motion for Reconsideration concerns the Court's
6 | dismissal of Plaintiff's due process claim against Washoe County. Plaintiff states that
7 | Defendants did not raise the municipality's liability in their Motion to Dismiss and thus the
8 | Court should not have dismissed the claims against Washoe County. (*See* dkt. no. 13 at
9 | 2.)

10 |         Plaintiff's Complaint failed to identify the legal theory according to which he
11 | named Washoe County as a Defendant, let alone allege any facts that would support a
12 | cognizable legal theory. Rather than seek to amend his Complaint, Plaintiff has moved
13 | for reconsideration. Given the complete inadequacy of the allegations against Washoe
14 | County, it was within the Court's authority to dismiss. *See Sparling v. Hoffman Constr.*
15 | *Co., Inc.*, 864 F.2d 635, 637-38 (9th Cir. 1988) (finding that a district court may dismiss
16 | on its own initiative for failure to state a claim without notice when a plaintiff cannot
17 | possibly win relief). The Court declines to reconsider its Dismissal Order.

18 | **V.    CONCLUSION**

19 |         It is hereby ordered that Plaintiff's Motion for Reconsideration (dkt. no. 13) is
20 | denied.

21 |         ENTERED THIS 5th day of May 2014.

24 | MIRANDA M. DU
     | UNITED STATES DISTRICT JUDGE